UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$234,824.81 IN FUNDS SEIZED FROM ONE FIDELITY INVESTMENTS, INC. ACCOUNT, ET AL.,<br><br>Defendants.<br><br>MIHAE PARK, GEORGE RAY KERCIU, AND THE KERCIU LIVING TRUST,<br><br>Claimants. | No. SACV 18-00626-JVS(JDEx)<br><br>**FIRST AMENDED CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND CLAIMANTS MIHAE PARK, GEORGE RAY KERCIU AND THE KERCIU LIVING TRUST** |

Pursuant to the stipulation and request of Plaintiff United States of America and Claimants Mihae Park, George Ray Kerciu and The Kerciu Living Trust (the "Claimants"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

On or about April 16, 2018, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified Complaint for Forfeiture alleging that defendants

$234,824.81 in Funds Seized from One Fidelity Investments, Inc. Account, $50,800.00 in Funds Seized From One Allstar Capital Group, Inc. Account, $6,857.70 in Funds Seized from One JPMorgan Chase Account, One 2015 Volkswagen GTI, and $128,600.00 in Funds Representing substitute res for One 2012 Ferrari California, (jointly the "defendants") are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) and § 21 U.S.C. § 984.

On or about May 9, 2018, the Claimants filed a claim to the defendants.

No other parties have appeared in this case and the time for filing claims and answers has expired.

The United States of America and the Claimants have now agreed to settle this action relative to the disputes between them and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and the Claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. As between the United States of America and the Claimants with respect to the defendants, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. As between the United States of America and the Claimants, the Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 18 U.S.C. § 984.

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other

than the Claimants.  The Court deems that all other potential claimants except Mihae Park, George R. Kerciu, and The Kerciu Living Trust, admit the allegations of the Complaint for Forfeiture to be true.

4. The Claimants' interests in the defendants $234,824.81 in Funds Seized from One Fidelity Investments, Inc. Account, $50,800.00 in Funds Seized From One Allstar Capital Group, Inc. Account, $6,857.70 in Funds Seized from One JPMorgan Chase Account, One 2015 Volkswagen GTI, and $128,600.00 in Funds Representing the Substitute Res for One 2012 Ferrari California, shall be and hereby are condemned and forfeited to the United States of America, which shall dispose of those items in accordance with law.

5. The Claimants hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Internal Revenue Service-Criminal Investigation, Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of the Claimants with respect to the defendants, whether pursuant to 28 U.S.C. § 2465 or otherwise.

6. As between the United States of America and the Claimants,

(i) the Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. As between the United States of America and the Claimants, the Court further finds that the Claimants did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

8. The United States of America and the Claimants consent to this judgment and waive any right to appeal this judgment.

DATED: April 03, 2019

HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA